JEHU PHILLIPS, plaintiff in error, *vs.* WILLIAM S. GASTON, defendant in error.

When the defendant in 1863 tendered the plaintiff Confederate money in payment of a note made March, 1861, which the plaintiff refused to receive, saying, "that he could not use it, and that he had become paymaster to some heirs." *Held*, that the plaintiff had the right to refuse Confederate money in payment of his debt at the time it was offered, and that it was not a legal tender in payment thereof, under the evidence in the case.

Motion for new trial. Decided by Judge CLARKE. Randolph Superior Court. May Term, 1867.

William S. Gaston sued Jehu Phillips, upon a promissory note for $1,283.70, made and delivered to him by Phillips, on the 13th March, 1861, and due 25th December, 1862, with interest from date. The defendant plead that he had, on the 1st May, 1863, tendered the amount due on said note, in Confederate States treasury notes, to plaintiff, who refused to receive them, not because of the character of the currency tendered, nor did he then demand specie in payment.

On the trial plaintiff read in evidence his note and closed. This note was credited with $700.00, October 20th, 1866, $317.53, October 31st, 1866, and $460.85, November 16th, 1866.

The defendant read the interrogatories of URIAH PHIL-

Phillips *vs.* Gaston.

LIPS, who testified that the note was given for negroes, which defendant re-sold in 1862, or early in 1863, that he tendered in May, 1863, and again between May and September, 1863, as agent for defendant to plaintiff the amount due on said note in Confederate States treasury notes, plaintiff refused to take the money, he made no demand of specie, but said he could not use the Confederate money, and that he could not receive Confederate money as he had become paymaster for some heirs.

The Court charged the jury as follows:

The defendant having tendered the plaintiff the amount of the debt, and the plaintiff having declined to take it, you must decide, from the evidence, what reason plaintiff gave for declining the money.   If he declined it expressly because it was Confederate money, or because he could not use Confederate money, that objection defeated the tender, and you should find for the plaintiff the amount claimed.

The verdict was for the defendant.

Plaintiff moved for a new trial because the Court erred in his said charge as to tender in Confederate money, and because the verdict was contrary to the charge of the Court, the law, etc.

The Court granted a new trial, and this is assigned as error.

H. FIELDER, for plaintiff in error.

W. D. KIDDOO, represented by A. HOOD, for defendant in error.

WARNER, C. J.

In this case, the record shows that the defendant tendered the plaintiff the amount due upon the note in Confederate money in 1863.    The plaintiff *refused to take it,* saying, "that he could not use the Confederate money, and that he had become paymaster to some heirs."    Under the charge of the Court the jury found a verdict for the defendant.    The Court granted a new trial which is assigned as error.    We find no

error in the charge of the Court to the jury, upon the facts of this case as disclosed by the record. The verdict was manifestly against the charge of the Court, as to the law by which the jury should have been governed, and there is no error in granting a new trial in the case by the Court below. The plaintiff had the right to refuse Confederate money in payment of his debt at the time it was offered if he could not use it, and there is no law, or justice, that would compel him to take it, known to this Court.

Let the judgment of the Court below be affirmed.